IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| MUHAMMED BAZZI, ) | |
| ) | |
| ) | Case No. 4:11-cv-114 |
| Plaintiff, ) | |
| ) | Defamation, Tortious Interference |
| ) | With Prospective Economic |
| ) | Advantage |
| v. ) | |
| ) | |
| PA NDERRY MBAI, FREEDOM NEWSPAPER, ) | |
| INC., and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff Muhammed Bazzi ("Mr. Bazzi" or "Plaintiff"), by counsel, and for his Complaint against Defendants Pa Nderry Mbai ("Mbai"), Freedom Newspaper, Inc. ("Freedom") and John Doe ("Doe") (all Defendants are referred to collectively as "Defendants") states as follows:

## PARTIES

1. Mr. Bazzi is an individual resident of the country of Sierra Leone.

2. Defendant Freedom is a North Carolina corporation doing business in Raleigh, Wake County, North Carolina. Freedom is an online newspaper targeting readership in the country of The Gambia. Freedom also circulates its articles to news distributors such as, *inter alia*, the Associated Press.

3. Defendant Mbai is an individual residing in Raleigh, Wake County, North Carolina. Defendant Mbai publishes Freedom.

4. On information and belief, Defendant Doe, if he or she exists, is an individual residing in either Raleigh, Wake County, North Carolina, or in the country of The Gambia.

1

## JURISDICTION AND VENUE

5. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a)(2). The parties are citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district and because Defendants Mbai and Freedom are subject to personal jurisdiction in this district.

## NATURE OF ACTION

7. This action relates to a publication dated February 26, 2011 in Freedom written by Defendant Mbai (the "Article"). This Article accused Mr. Bazzi, *inter alia*, of being the head of a "Bazzi Mafia" which committed such flagrant criminal acts as weapons trafficking, drug trafficking, money laundering, robbing from the citizens of The Gambia, monopolizing all petroleum products and telecommunications in The Gambia, and also alleges that Mr. Bazzi was affiliated with the terrorist organization Hezbollah. There are numerous other significant, if less sensationalistic, statements in the Article with no basis in fact.

## FACTUAL ALLEGATIONS

8. Freedom is a publication whose focus centers on criticism of the president of The Gambia, Mr. Yayha Jammeh. Freedom targets readers in The Gambia – where Mr. Bazzi does some of his business. The impact of the Article was exacerbated by the decision of the Associated Press to circulate this story to a wider audience.

9. The Article contains a staggering number of untruths, centered on a purported "Mafia," led and operated by Mr. Bazzi in The Gambia. The Article ostensibly credits a single unnamed source that this Complaint has identified as Doe. The Article alleges that this "Mafia" is involved in a staggering number of criminal enterprises, including weapons trafficking; drug trafficking; money laundering; robbing from the citizens of The Gambia; and monopolizing all petroleum products and telecommunications in The Gambia. All of these allegations are patently false.

10. The Article also alleges that Mr. Bazzi's "Mafia" is affiliated with Hezbollah. Hezbollah is a militant group and political party. Hezbollah has been classified by the United States and several European countries as, in whole or in part, a terrorist organization. The United States has listed the entire organization of Hezbollah as a terrorist organization. Mr. Bazzi has no connection whatsoever to Hezbollah.

11. The Article alleges that Mr. Bazzi's "Mafia" has a monopoly on the telecommunications industry in The Gambia. While Mr. Bazzi does own a 5% stake in an entity known as Commuim, one of four telecommunications providers in the Gambia, there is no basis in fact to declare any sort of monopoly power for Mr. Bazzi in this industry.

12. The Article alleges that Mr. Bazzi is an owner of an entity known as Prime Bank, which is used to facilitate money laundering operations, and as a "link to Hezbollah." Even if the allegations regarding Prime Bank were true, Mr. Bazzi has no affiliation in any capacity, including as an owner, shareholder, director, or manager, with Prime Bank.

13. Not surprisingly, allegations of being the head of a "Mafia" group and being labeled as a terrorist have significantly damaged Mr. Bazzi's reputation in the international business

community. Mr. Bazzi has been unable to obtain credit necessary to fund his business ventures since the Article was published.

14. For example, Mr. Bazzi was unable to commit to an extremely large government contract in the Ivory Coast after General Electric – due to the bad publicity generated by Defendants' libelous statements – backed out of their joint venture with Bazzi during the due diligence process.

## CLAIM I: DEFAMATION

15. Paragraphs 1 - 14 are hereby incorporated by reference as if contained herein.

16. Defendants made false, defamatory statements concerning Bazzi.

17. Defendants published these statements on Freedom's website for third parties to view. Additional viewers resulted when the Article was picked up by mainstream media.

18. These false, defamatory statements impeach the Plaintiff in his trade and/or profession and, accordingly, constitute libel per se.

19. Plaintiff is not a public figure for the purposes of any defamation analysis.

20. On information and belief, these defamatory statements were made with actual malice.

21. As a result, Mr. Bazzi has been damaged in an amount that exceeds $75,000.00.

## CLAIM II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

22. Paragraphs 1- 21 are hereby incorporated by reference as if contained herein.

23. Defendants, without justification, published false, defamatory statements on the internet with the intent to harm Mr. Bazzi's business.

24. These statements induced third parties to refrain from entering into contracts with Bazzi, causing Bazzi damages in excess of $75,000.00.

## CLAIM III: PUNITIVE DAMAGES

25. Paragraphs 1-24 are hereby incorporated by reference as if contained herein.

26. Defendants were well aware that there was no factual basis to their allegations against Plaintiff. These allegations were willful and with a malicious attempt to damage Plaintiff's reputation, showing a complete disregard for Plaintiff's rights.

27. As a result, punitive damages are an appropriate remedy and should be levied against Defendant in an amount to be proven at trial.

## CLAIM IV: PERMANENT INJUNCTIVE RELIEF

28. Paragraphs 1-28 are hereby incorporated by reference as if contained herein.

29. Plaintiff has already obtained an injunction, which was opposed by Defendants, before the Summary Procedures Judge in Beirut, Lebanon compelling Defendants to remove the Article from the website completely. Defendants have failed to abide by that court's Order.

30. Plaintiff has a good faith belief that the Article will continue to harm Plaintiff and that Defendants will continue to defame Plaintiff through publications throughout the course of this litigation, causing Plaintiff irreparable harm in the process.

31. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants must be restrained and enjoined from further defamatory statements by being ordered to remove all existing publications and cease all future publications mentioning Plaintiff until such time as a hearing on the merits of the underlying causes of action can be heard.

32. The Plaintiff is entitled to a preliminary and permanent injunction ordering the Defendant to remove all existing articles mentioning Plaintiff and to prohibit Defendants from publishing any articles that mention Plaintiff

WHEREFORE Plaintiff Muhammed Bazzi. prays to this Court as follows:

1. That Plaintiff recovers damages in an amount to be proven at trial.

2. That Plaintiff recovers punitive damages in an amount to be proven at trial.

3. That a preliminary injunction be entered precluding Defendants from further public comments regarding Bazzi while this lawsuit is pending.

4. That Plaintiff be entitled to obtain expedited discovery as to the identity of Defendant Doe, if he exists.

5. That Plaintiffs recover pre-judgment and post-judgment interest at the maximum rate allowable by law;

6. That Plaintiff recover a reasonable attorney fee, as allowed by law.

7. That the Court tax the costs of this action against the Defendant and;

8. Such further relief that this Court deems just and proper.

Plaintiff hereby requests trial in this action by jury.

Respectfully submitted this ___ day of June, 2011.

/s/ Edward H. Maginnis_____
Edward H. Maginnis (Bar No. 39317)
Maginnis Law, PLLC
19 West Hargett Street, Suite 906
Raleigh, NC 27601
Telephone: 919-526-0450
Facsimile: 919-882-8763
emaginnis@maginnislaw.com
*Counsel for Muhammed Bazzi*