

09 AVR. 2011

N° 1958/2011

## A judgment

The Summary Procedures Judge in Beirut

No.270/2011
**The plaintiff**:Mohamad Ibrahim BAZZI

Upon verification,

Whereas it appears that the plaintiff asks for compelling the defendant to remove the article published on his website since they are untrue news due to flagrant material and moral damages,

Whereas the defendant stated that he published a clarification and a denial issued by the plaintiff, noting that the article, object of the complaint, had ever appeared on the website whose the news are changed daily, with his confirmation to be ready to remove the news upon the defendant request,

Whereas the defendant resumes and confirms that the article is still in the website archives and can be accessible,

Whereas it appeared that the article, object of the summons is ascribed to the plaintiff for committing serious criminal acts,

Whereas the courts are the protector of freedoms such the expression freedom as well as personal and individual freedoms and it is necessary upon taking any action to start from the said principle and to conciliate as much as possible between different rights and freedoms,

Whereas the international convention related to political and civil rights, had been approved in New York on 16/12/1966 and which Lebanon was joined by virtue of the law executed by the decree no. 3855 on 1/9/1972 and had included in the article 19 the following :
" 1- Every person has the right to embrace opinions without any prejudice to by reason of them.
2 – Every person has the right to the expression freedom, to be entrusted with the freedom to ask for all different information and ideas, to receive and to publish the same, without consideration for the limits, orally or by writing or printing or artistically or by any other means.

3 – The use of rights provided for in the second paragraph of this article includes private duties and responsibilities as well as to submit the same to same restrictions provided that they are legally stipulated and required to procure as follows:
a – The respect of third parties rights or their reputation.[ ….. ] ».

Whereas we deduct from whatever is stated that the expression freedom is maintained, however its practice requires a liability and duties that must be complied therewith for not overstepping the expression right limits so that it prejudices other rights whose the importance is equivalent to the expression right and deserve the protection , such the right of every person to protect itself, its reputation and interests,

Whereas the article, object of the summons, ascribed to the plaintiff flagrant criminal acts which may directly affect his reputation, then his individual and general interest, particulary as to his official position, noting that whatever is stated in the article would give rise to a penal liability in case of defamation or untrue news,

Whereas the Summary Procedures Judge has to take actions aiming at maintaining rights and lifting the ambient damage, and the process of ordinary litigation procedures are not enough to avoid the same, therefore, the fact to wait for passing the primary judgment on behalf of the competent court would lead to aggravate the damage in an unindemnifiable way,
Whereas the article includes to report mere news and information without giving personal advices to his book,

Whereas the court considers that whatever is stated in the article, object of the summons as to gross criminal acts ascribed to the plaintiff, oversteps the rights legally protected by the expression freedom and constitutes a serious prejudice to the plaintiff reputation and interest according to whatever is stipulated in the above – mentioned article 19,

Whereas the removal of the article from the ordinary page of the website is not sufficient to remove the prejudice insofar as the article is still on the website and can be reappeared by searching its object or the plaintiff name so that the prejudice resulting from will be a continual and long damage since it is not removed, is still as a sword set up on the plaintiff head and constitutes a serious, continious prejudice to his reputation ,





Whereas the publication of the denial issued by the plaintiff is not enough to remove the damage since the article is existing, accessible and readable without reading the denial, and since it may keep the doubt in the reader mind whereof it constitutes a damage,

Whereas the court considers according to the foregoing that the appropriate action must be taken to maintain the plaintiff right and to avoid the prejudice to his reputation, particularly the defendant did not object the article removal upon the plaintiff request,

Whereas the conciliation between the expression freedom and personal rights must be always tried, whereof any action affects the expression freedom will constitute an exception of the rule so that the action, the less prejudice to this freedom will be taken and will secure the damage removal, and by virtue of this principle, the court deems grant the defendant the choice between the article removal, object of the complaint or maintaining the article by amending the same through a direct or indirect hint to the plaintiff.

Therefore,
States by virtue of both articles 589 and 604 provisions C.P.C, to compel the legal representative and the website owner elnashra.com to remove the article, object of the summons, from the website totally or by amending the article whereof any direct or indirect hint to the plaintiff under penalty of a coercive fine amounting to five hundred thousand Lebanese pounds for each day of delay, and to delegate the clerk Ziad Chaaban to execute the judgment so that the plaintiff will pay the sum of one hundred thousand Lebanese pounds as its indemnity transfer.
A judgment executed on minutes passed in Beirut on 26/03/2011.

The Summary Procedures Judge in Beirut
(Seal & signature)
True copy, April 1, 2011
The Head Clerk
Mohamad DAHROUJ
(Seal & signature)

---

*True translation of the arabic text herewith attached*
*The sworn translator*





No. 1258/2011

Seen by me TARY TAWK Notary Public, Beirut, for the authetification of the signature of the sworn translator Mr. Antoine Chagoury on this document consisting of    page incurring no liability or responsability as regards its content on

the Notary public in Beirut

TARY TAWK

RÉPUBLIQUE LIBANAISE
Ministère des Affaires Etrangères
et des Emigrés
Section des Légalisations

Nº:
Beyrouth, le    -9 APR 2011
Vu pour légalisation de la signature
de Mr.
Signant pour
Sans aucune responsabilité du
contenu du document

Droits Perçus L.L.
Le Chef du Bureau des Légalisations

YOUSSEF KREIDI