UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **MUHAMMED BAZZI** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 5:11-cv-00353-H |
| vs. ) | |
| ) | |
| **PA NDERRY M'BAI,** ) | JUDGE MALCOLM J. HOWARD |
| **FREEDOM NEWSPAPER, INC. AND** ) | |
| **JOHN DOE** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## ANSWER TO COMPLAINT

Defendants Pa Nderry M'Bai and Freedom Newspaper, Inc. ( "Defendants"), by and through its counsel, hereby responds to the allegations contained in the correspondingly numbered paragraphs of the Complaint (the "Complaint") filed in this action by Plaintiff Muhammed Bazzi ("Plaintiff"), as follows:

### PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and they are therefore denied.

2. Defendants admit that Freedom Newspaper, Inc ("Freedom") is a North Carolina corporation doing business in Raleigh, North Carolina, and that its online readership includes citizens of The Gambia. Defendants deny all other allegations of paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Paragraph 4 of the Complaint contains no factual allegations to which a response is required. To the extent a response is required, Defendants are without knowledge of the allegations of paragraph 4 and they are therefore denied.

### JURISDICTION AND VENUE

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

## NATURE OF THE ACTION

7. Defendants admit that Freedom published an article on its website on February 26, 2011 regarding Plaintiff (the "Article") that was written by Mr. M'Bai. Defendants deny all remaining allegations in paragraph 7, and, by way of further answer, state that the statements in the Article speak for themselves.

## FACTUAL ALLEGATIONS

8. Defendants admit that Freedom reports on events in the Gambia, including many that relate to President Jammeh, and that its online readership includes citizens of The Gambia. Defendants admit that, on information and belief, Plaintiff conducts business within The Gambia. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and they are therefore denied.

9. Defendants deny the allegations contained in paragraph 9, and, by way of further answer, state that the statements in the Article speak for themselves.

10. Defendants admit, on information and belief, that Hezbollah is a political party and has been classified by the governments of the United States and several European countries, in whole or in part, as a terrorist organization. Defendants deny the remaining allegations contained in paragraph 10, and, by way of further answer, state that the statements in the Article speak for themselves.

11. Defendants admit, on information and belief, that Plaintiff is a shareholder in Commium. Defendants deny the remaining allegations contained in paragraph 11, and, by way of further answer, state that the statements in the Article speak for themselves.

12. Defendants deny the allegations contained in paragraph 12, and, by way of further answer, state that the statements in the Article speak for themselves.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and they are therefore denied.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and they are therefore denied.

## CLAIM I: DEFAMATION

15. Defendants respond to paragraph 15 by reasserting their responses to paragraphs 1 through 14.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants admit that Freedom published the Article. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and they are therefore denied.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

## CLAIM II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

22. Defendants respond to paragraph 22 by reasserting their responses to paragraphs 1 through 21.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

## CLAIM III: PUNITIVE DAMAGES

25. Defendants respond to paragraph 25 by reasserting their responses to paragraphs 1 through 24.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

## CLAIM IV: PERMANENT INJUNCTIVE RELIEF

28. Defendants respond to paragraph 28 by reasserting their responses to paragraphs 1 through 27.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because any statements that Defendants may have published regarding Plaintiff were true or substantially true.

2. Plaintiff's claims are barred, in whole or in part, because any statements Defendants may have published regarding Plaintiff were mere expressions of opinion.

3. Plaintiff's claims are barred, in whole or in part, because any statements that Defendants may have published regarding Plaintiff were published without malice.

4. Plaintiff's claims are barred, in whole or in part, because any statements Defendants may have published regarding Plaintiff were made under circumstances showing that the Defendants were acting in good faith.

5. The First and Fourteenth Amendments impose restrictions on civil actions that seek to impose monetary damages on a defendant for publishing statements of and concerning the plaintiff to third parties. These restrictions require judgment for the Defendants in this case because:

   a. Plaintiff is a public figure by virtue of role as a public official and prominent businessman in The Gambia and other factors. As a public figure, Plaintiff may not establish liability without clear and convincing proof that the Defendants published statements of and concerning it to third parties with knowledge of falsity or reckless disregard for the truth and that publication of the statements caused the plaintiff to suffer actual injury. Plaintiff has no such proof.

   b. All statements of and concerning the Plaintiff published to third parties by the defendant are about matters of public concern and the Plaintiff cannot prove by a preponderance of the evidence that the statements were false, that Defendants were negligent in publishing those statements, or that publication of the statements caused the Plaintiff to suffer actual injury.

c. Punitive damages may not be recovered in a libel or slander action in the absence of clear and convincing evidence of actual malice and the Plaintiff has no such evidence.

6. Plaintiff's claims are barred, in whole or in part, because any statements that Defendants may have published regarding Plaintiff are protected as free expression under Section 25 of the Constitution of Sierra Leone (1991).

7. Plaintiff's claims are barred, in whole or in part, because any statements Defendants may have made were made were justified and in the public's interest, and lacked any malice or bad motive.

8. Plaintiff's claims are barred, in whole or in part, because any statements Defendants may have made were not made with any knowledge of any of Plaintiff's prospective contracts or business relationships.

9. Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

10. Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

11. Plaintiff has failed to mitigate his claimed damages.

12. Defendants reserve the right to amend and to add any additional defenses, counter-claims, or cross-claims which may become known during the course of discovery.

**WHEREFORE,** Defendants request judgment in their favor, that they be awarded their costs incurred in defending this action and such other relief as the Court deems just and proper.

Respectfully submitted, this 9th day of October, 2012.

> HUNTON & WILLIAMS LLP
>
> /s/ Sean M. Braswell
> Sean M. Braswell
> N.C. State Bar No. 36646
> Douglas W. Kenyon
> N.C. State Bar No. 13242
> P. O. Box 109
> Raleigh, NC 27602
> (919) 899-3000
> (919) 833-6352 (fax)
> *Attorneys for Defendants, Pa Nderry M'Bai*
> *and Freedom Newspaper, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2012, the foregoing **ANSWER TO COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any of the following parties that are registered for service electronically, and that all other parties not so registered have been duly served by depositing a copy of the same in the United States mail, first class, postage prepaid, in envelope(s) addressed as follows:

> Edward H. Maginnis
> Maginnis Law, PLLC
> 19 West Hargett Street, Suite 906
> Raleigh, NC  27601

This the 9th day of October, 2012.

> /s/  Sean M. Braswell
>   HUNTON & WILLIAMS LLP
>   421 Fayetteville Street Mall, Suite 1400
>   Raleigh, North Carolina 27601
>   (919) 899-3000
>   (919) 833-6352 ~ fax
>
> *Attorneys for Defendants*