THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5-11-CV-00353-H

| | |
|---|---|
| MUHAMMED BAZZI,<br><br>      Plaintiff,<br><br>v.<br><br>PA NDERRY M'BAI, FREEDOM NEWSPAPER, INC., and JOHN DOE<br><br>      Defendants. | DEFENDANTS PA NDERRY M'BAI AND FREEDOM NEWSPAPER, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES |

Defendants Pa Nderry M'Bai and Freedom Newspaper, Inc. ("Defendants") respectfully submit this memorandum in support of their Motion to Compel Initial Disclosures:

1. This case concerns Plaintiff's allegations that Defendants made a number of allegedly defamatory statements about Plaintiff in an article published on the Freedom Newspaper website, an online publication focused toward readers in The Gambia, in Africa, on February 26, 2011. Plaintiff filed his Complaint on June 29, 2011.

2. Pursuant to the Scheduling Order in this case and the parties' Joint Rule 26(f) Discovery Plan, Rule 26(a)(1) initial disclosures were due on February 11, 2013. Defendants served their initial disclosures on that date. Plaintiff did not.

3. On February 13, 2013, Defendants asked Plaintiff to make his initial disclosures by the close of business that day. (Letter from D. Kenyon to E. Maginnis (Feb. 13, 2013), Ex. A.) Plaintiff did not respond or make the disclosures.

4. On February 16, 2013, Defendants again requested Plaintiff's initial disclosures, this time by the close of business on Monday, February 18, 2013. (Email from D. Kenyon to E. Maginnis (Feb. 16, 2013)), included in string with subsequent emails, Ex. B.) Plaintiff responded on February 18, 2013, committing to provide the disclosures that week. *Id.* Plaintiff did not keep that commitment.

5. Having heard nothing further from Plaintiff, Defendants, on February 28, 2013, advised Plaintiff they would move to compel. *Id.*

6. Rule 37(a)(3)(A) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

7. Plaintiff's failure to make his disclosures is impeding discovery and has imposed unnecessary burdens on Defendants and the Court.

8. Defendants' counsel has made a good faith effort to obtain the disclosures prior to moving to compel.

Accordingly, Defendants respectfully request that the Court issue an Order granting their motion and requiring Plaintiff to pay reasonable expenses, including attorney's fees, incurred in connection with this motion.

Dated this 1st day of March 2013.

>HUNTON & WILLIAMS LLP
>
>  /s/ Douglas W. Kenyon
> Douglas W. Kenyon (dkenyon@hunton.com)
> N.C. State Bar No. 13242
> R. Dennis Fairbanks (dfairbanks@hunton.com)
> N.C. State Bar No.: 33572
> HUNTON & WILLIAMS LLP
> Post Office Box 109
> Raleigh, North Carolina 27602
> Telephone: 919.899.3000
> Facsimile: 919.833.6352
>
> *Counsel for Defendants Pa Nderry M'Bai and Freedom Newspaper, Inc.*

# CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of **DEFENDANTS PA NDERRY M'BAI AND FREEDOM NEWSPAPER, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES** has been served today via electronic mail sent to the person at the address below:

Edward H. Maginnis
Maginnis Law, PLLC
19 West Hargett Street, Suite 906
Raleigh, NC 27601
Telephone: 919.526.0450
Facsimile: 919.882.8763.
emaginnis@maginnislaw.com)

This the 1st day of March 2013.

                                              /s/ Douglas W. Kenyon
                                              HUNTON & WILLIAMS LLP
                                              421 Fayetteville Street, Suite 1400
                                              Raleigh, N.C. 27601
                                              *Counsel for Defendants Pa Nderry M'Bai and*
                                              *Freedom Newspapers, Inc.*