IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| MUHAMMED BAZZI, ) | |
| ) | |
| ) | Case No. 5:11-cv-353-H |
| Plaintiff, ) | |
| ) | |
| v. ) | Fed R. Civ. P. 26(a), 37 |
| ) | |
| PA NDERRY MBAI, FREEDOM NEWSPAPER, ) | |
| INC., and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO COURT ORDER TO SHOW CAUSE

COMES NOW Plaintiff Muhammed Bazzi ("Mr. Bazzi" or "Plaintiff"), by and through counsel, and hereby shows just cause as to why Plaintiff should not be subject to sanctions associated with the Motion to Compel filed by Defendants Pa Nderry Mbai and Freedom Newspaper, Inc. ("Defendants"). In support, Plaintiff states as follows:

## BACKGROUND

On March 1, 2013, Defendants filed a Motion to Compel Plaintiff's Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. This Court entered an Order on March 22, 2013 granting the Motion, and ordered Plaintiff to show cause why he should not be responsible for Defendant's reasonable attorney fees in preparing their Motion. The Court also ordered Plaintiff to produce his initial disclosures on or before April 1, 2013. This response is timely filed and Plaintiff asserts that the initial disclosures will be served prior to the deadline set by the Court's Order on the Motion to Compel.

1

**ARGUMENT**

To avoid sanctions, Plaintiff carries the burden of showing that the failure to comply with Rule 26(a) was either substantially justified or harmless. *Carr v. Deeds*, 453 F.3d 593 (4th Cir. 2006). As Defendants were not harmed by the failure to comply with the initial disclosure requirement, any sanction (including an award of attorney fees) would be inappropriate at this time. There has been no prejudice to the Defendants in their attempts to litigate this case. Defendants will have sufficient time to prepare their defense and were not prejudiced by the failure to produce initial disclosures when they produced little or no substance in their own initial disclosures.

Defendants have not been compromised in their efforts to prepare a defense by the failure of Plaintiff to provide initial disclosures. Defendants have sufficient information regarding Plaintiff's claims that has allowed them to serve extensive discovery on the Plaintiffs (responses are not yet due). Additionally, the parties, through counsel, have communicated and agreed on a mediator for this case. The litigation has proceeded efficiently despite Plaintiff's failure to submit its Initial Disclosures. Even if the Defendants had been delayed by the failure to produce initial disclosures, the parties still have an enormous amount of time to prepare this case for trial on its merits. Discovery in this matter does not close until October 8, 2013 with dispositive Motions due November 7, 2013 and a Pretrial Conference scheduled for February 19, 2014.

It could be argued that Defendants were harmed simply by the fact that they submitted initial disclosures to the Plaintiff – in theory providing Plaintiff with an unfair insight about the case – while not receiving the same substantive information from Plaintiff. However, Defendant's Initial Disclosures, a copy of which are attached as Exhibit A, contained little

relevant information about the case and, other than a reference to an unnamed individual named "Abdula" with no contact information attached to it,[1] no information to support the defamatory statements made about the Plaintiff that are the subject matter of this Complaint. No documents were included in the submission.  Additionally, no information was provided regarding other individuals who Mr. Mbai appears to rely upon for source material for the articles that he continues to publish about Mr. Bazzi.  Defendants have recently published two additional articles containing defamatory statements about Mr. Bazzi, copies of which are attached hereto as Exhibits B and C.  The most recent, published February 27, 2013, gives an author's byline of "The Insider."  The identity of The Insider was not produced in Defendant's Initial Disclosures.  Another article, published February 24, 2013, lists an author of "Gambia's Deep Throat." Mr. Deep Throat, if he exists, has not been identified.  As Defendants declined to "show their cards" in their initial disclosures, they cannot claim to have been harmed by Plaintiff's failure to do the same.

     Plaintiff has admittedly not provided the disclosures required by the Rules and will rectify this error immediately. However, Defendants were in no way harmed by Plaintiff's failure to do so.  Plaintiff will serve its initial disclosures no later than April 1, 2013, per the Court's Order, and the parties can continue to prepare to litigate this case on the merits. As there has been no harm to Defendants, an award of any sanctions, such as Defendants' attorney fees, would not be appropriate at this time.  Accordingly, so long as Plaintiff complies with the remaining elements of the Court's Order, Plaintiff requests that any further sanctions be withheld.

---

[1] Defendants did identify an individual named "Abdula," with no address or contact information as an individual with knowledge regarding the matter. On information and belief, this identification is the equivalent of identifying an individual named "Mr. Smith" or "Mr. Jones" in this culture.

Respectfully submitted this the 29th day of March, 2013.

>/s/ Edward H. Maginnis
>Edward H. Maginnis (Bar No. 39317)
>Maginnis Law, PLLC
>19 West Hargett Street, Suite 906
>Raleigh, NC 27601
>Telephone: 919-526-0450
>Facsimile: 919-882-8763
>emaginnis@maginnislaw.com
>*Counsel for Muhammed Bazzi*

4

Case 5:11-cv-00353-H   Document 23   Filed 03/29/13   Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2013, I caused true and correct copies of the foregoing Response to be served on the following counsel registered with the CM/ECF system.

Douglas W. Kenyon
Hunton & Williams LLP
P.O. Box 109
Raleigh, NC 27602

/s/ Edward H. Maginnis
Edward H. Maginnis