THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5-11-CV-00353-H

| | |
|---|---|
| MUHAMMED BAZZI,<br><br>Plaintiff,<br>v.<br><br>PA NDERRY M'BAI, FREEDOM NEWSPAPER, INC., and JOHN DOE<br><br>Defendants. | DEFENDANT PA NDERRY M'BAI's FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MUHAMMED BAZZI |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Pa Nderry M'Bai propounds the following First Set of Interrogatories and First Request for Production of Documents ("Requests") to Plaintiff Muhammad Bazzi.

## GENERAL INSTRUCTIONS

1. These Requests are deemed to be continuing in nature and require such supplementary answers as may be necessary to their continuing completeness in accord with Rule 26(e) of the Federal Carolina Rules of Civil Procedure.

2. If any interrogatory cannot be answered in full, answer to the extent possible, state the reasons why it cannot be completely answered and provide whatever information is available concerning the unanswered portion. If information concerning an interrogatory may become available in the future, please state when such information will be available, if known. If any interrogatory calls for information not in Your possession or subject to Your control or ascertainable by You upon reasonable inquiry, then where known, identify the custodian or possessor of such information. If You refuse to answer any interrogatory, in whole or in part,

describe the factual basis for Your refusal to answer, including any claim of privilege, in sufficient detail to permit the court to adjudicate the validity of Your refusal.

3. You are requested to answer these Interrogatories in writing under oath and to serve a copy upon the undersigned within thirty days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. "You," "Your," and "Plaintiff" refer to Muhammad Bazzi, as well as his representatives, agents, employees, attorneys, experts, investigators, insurers, consultants, or anyone acting on behalf of or at the direction of the forgoing.

2. "Comium" refers to Comium, Comium Group, C-Mobile, C-Data, and Transtrum, as well as their predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

3. "Ellissa Holding" refers to Ellissa Group SA, Ellissa Holding, Ellissa Megastore, Ellissa Parc Cotonu, and Ellissa Shipping, as well as their predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

4. "GamPetroleum" refers to Gam-Petroleum Gambia Co. Ltd. and Gambia Petroleum Company, as well as their predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

5. "LCB" refers to the Lebanese Canadian Bank SAL, LCB Investments (Holding) SAL, LCB Finance SAL, LCB Estates SAL, and LCB Insurance Brokerage House SAL, as well

2

as their predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

6. "Prime Bank" refers to the Prime Bank (Gambia) Ltd., as well as its predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

7. "Spectrum Group" refers to the Spectrum Group, as well as its predecessor entities, successor entities, subsidiaries, affiliates, past or present representatives, agents, employees, attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of or at the direction of the foregoing.

8. "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person to person, in a group, in a meeting, by telephone, letter, facsimile, electronic mail, or otherwise, and including without limitation any printed, typewritten, handwritten, or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, logbook, minutes, note, study, survey, and forecast.

9. "Document" means every writing or every written record of every type or description, including without limitation all tangible means by which human communication is transmitted or stored, however produced or reproduced, that is, or has been in your possession, control, or custody or of which you have knowledge, including, but not limited to specifications, instructions, agreements, product information, contracts, correspondence telegrams, memoranda, typewritten or handwritten notes, studies, calendar or diary entries, charts, informational accumulations, magnetic or phonographic recordings, drawings, photographs, blueprints,

3

videotapes, vouchers, invoices, purchase orders, bills of sale, receipts, canceled checks, publications, books, pamphlets, models, reports, records, diaries, worksheets, surveys, minutes, statistical computations, tabulations, financial statements, or any other writing or record. Different versions of the same document, including but not limited to drafts or documents with handwritten notations or marks not found on the original or on other copies, are different documents.

10. "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association, and any other organization.

11. The "Complaint" means the Complaint captioned *Muhammed Bazzi v. Pa Nderry M'Bai, Freedom Newspaper, Inc., and John Doe*, Case No. 4:11-CV-114, that Muhammed Bazi filed on or about June 29, 2011, in the United States District Court for the Eastern District of North Carolina.

12. "Defendants" refers to Pa Nderry M'Bai, Freedom Newspaper, Inc. and any of its present or former officers, directors, agents, attorneys, representatives, and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the matters covered by these Requests, whether or not it is contended that such entity or person had any authority to act on behalf thereof.

13. "Identify," "Identification, "Identity," or any other variant thereof shall have the following meaning:

    a) When used in reference to a document, it means to state the type of document (e.g., letter, memorandum, telegram, chart, data, telex, etc.) or some other means of identifying it, the document's date or dates, its author and originator, recipients

thereof, addressees, present location and custodian, and summary of its content. If any such document was, but presently is no longer, in your possession, custody or control, state what disposition was made of it, the date of such disposition, and the reason for such disposition.

  b) When used in reference to a communication, it means to state the type of communication (e.g., letter, memorandum, conference, meeting, etc.) or some other means of identifying it, the date or dates of the communication, the people who were in any way party to the communication, a summary of the substance of the communication, and the source for the information contained in the communication.

  c) When used in reference to a natural person, it means to state the person's full name, title, employer (if applicable), his or her residence address and telephone number, his or her business address and telephone number, and (where applicable) a summary of that person's knowledge and the basis for such knowledge. For each person who cannot be specifically identified, it shall mean to describe the person as specifically as possible. When the person identified has previously been fully identified in the responses to these interrogatories, it is sufficient to merely state his or her name.

  d) When used in reference to a partnership, it shall mean to state the full partnership's name, the names of the general partners, and the address of the partnership's principal office.

  e) When used in reference to a corporation, it means to state its full name, the state of incorporation, and the address of its principal office.

5

f) When used in reference to an unincorporated association or any other business entity, it means to state the full name of the entity and the address of its principal office.

g) When used in reference to a public body or governmental unit or agency it means to state the full name of the entity, the statutory authority under which it exists, the address of its official office, and the names of its key officials.

h) When used in reference to a tangible thing, it means to fully describe the physical characteristics of the thing, including but not limited to its name or other individualizing mark or symbol and its present or past known location.

14. Read the terms "and" and "or" conjunctively and disjunctively.

15. Read any verb used in any tense to mean such verb in all of its tenses.

16. The singular includes the plural and vice versa.

17. A masculine, feminine, or neuter pronoun includes all other genders.

18. "Relating to," "related," and "concerning" mean directly or indirectly mentioning or describing, pertaining to, relating to, concerning, connecting with, or reflecting upon a stated subject matter.

19. If, in answering these Requests, you encounter any ambiguity in construing an interrogatory or request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory or request.

20. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish information that is known by, available to or in the possession of your employees,

representatives, servants or agents, including your attorney or any agent or investigator for you or your attorney (unless privileged).

21. If you claim privilege as grounds for objection to any Request for Production of Documents, identify:

    a) The name and address of the speaker or author of the document;

    b) The date of the communication or document;

    c) The name and address of any person to whom the communication was made or the document was sent or to whom copies were sent or circulated at any time;

    d) The form of the communication or document (i.e. letter, memorandum, invoice, contract, etc.);

    e) The title and length of the document;

    f) The names and addresses of any person currently in possession of the document or a copy thereof;

    g) A detailed description of the communication or document; and

    h) The nature of the privilege claimed.

22. For any document no longer in your custody or control, identify the document, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

## **INTERROGATORIES**

1. Identify each and every person known to You to be a witness concerning the facts of the case and, for each person, set forth either a summary sufficient to inform Defendants of the facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

ANSWER:

2. Identify any and all persons with whom You have had any communication concerning the alleged events, occurrences, and facts set forth in the Complaint, and for each such person identify in detail Your communications with that person (including the identity of any documents recording or reflecting statements made by that person regarding any of the alleged events or occurrences set forth in the Complaint).

ANSWER:

3. Set forth an itemized statement of all damages, exclusive of pain and suffering, that You claim to have sustained related to this matter.

ANSWER:

4. State whether You have ever been involved in any other lawsuit, and if so, describe in detail the nature of the lawsuit (including but not limited to the case caption, the parties involved, where the suit was filed (county, state, and country, and the outcome) and Your connection to or role in that lawsuit.

ANSWER:

5. State whether You ever have been arrested, detained, indicted, or convicted of a crime, and whether you are barred from entering or have been denied entry into any country, including the United States, and, if so, describe the nature of Your arrest, detainment, indictment, conviction, bar, or denial, state the approximate date, and identify the jurisdiction and any identifying docket or other number or citation.

ANSWER:

6. Identify any and all for-profit or non-profit partnerships, corporations, companies, associations, agencies, organizations, trade groups, or other business entities in which You have had any position, role, or affiliation since January 1, 2007, including, but not limited to, as an owner, partner, shareholder, director, member, or manager.

**ANSWER:**

7. Describe with particularity the "business" that You do in The Gambia as alleged in Paragraph 8 of Your Complaint.

**ANSWER:**

8. Identify with particularity any and all accounts at LCB or Prime Bank of which You are an owner, holder, or are authorized to make withdrawals or wire transfers.

**ANSWER:**

9. Describe with particularity Your relationship or involvement with GamPetroleum.

**ANSWER:**

10. Identify Your relationship or involvement with Hassan Ayash Exchange Company and Ellissa Holding.

**ANSWER:**

11. For each defamatory communication alleged in the Complaint, describe with particularity the basis for Your claim that the communication was defamatory, including precisely the facts supporting your contention that the communication was false, describing the persons and groups which allegedly had their opinions of You affected by the alleged

9

communication, the manner in which such opinions were affected, and the manner in which such groups learned of such communication.

**ANSWER:**

12. Describe in detail how Your reputation has been damaged by each of the defamatory communications alleged in the Complaint, and for each loss, injury or damage to Your name or reputation that You claim to have suffered as a result of the defamatory communications alleged in the Complaint, describe in detail such loss, injury, or damage; how the defamatory communications alleged in the Complaint caused each such loss, injury, or damage; and state the value You place on such loss, injury, or damage, and how You calculated such value.

**ANSWER:**

13. Identify any and all communications You have had with any government or law enforcement agency in which You admitted, denied, or discussed any of the activities You deny in the Complaint.

**ANSWER:**

14. Identify all facts that support Your allegation in paragraph 13 of the Complaint that You have been "unable to obtain credit necessary to fund [Your] business ventures since the Article was published," including but not limited to, identifying those business ventures and the names of the persons and financial institutions from which Your sought and were denied financing.

**ANSWER:**

15. Identify all facts that support the allegation in paragraph 14 of the Complaint that You were "unable to commit to an extremely large government contract in the Ivory Coast."

**ANSWER:**

16. Describe with particularity Your relationship or involvement with General Electric and identify all facts that support the allegation in paragraph 14 of the Complaint that General Electric backed out of a joint venture with You.

**ANSWER:**

17. Identify all facts that support the allegation in paragraph 24 of the Complaint that third parties "refrain[ed] from entering into contracts with [You]" as a result of statements in the article at issue in this litigation.

**ANSWER:**

### REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents, statements, communications, and intangible things identified in, or on which You base, in whole or in part, Your responses to the above interrogatories.

**RESPONSE:**

2. All documents and communications that refer or relate to any of the matters alleged in the Complaint.

**RESPONSE:**

3. All documents referring or relating to any communication with Defendants or any of their employees, representatives, or agents.

**RESPONSE:**

4. All documents sufficient to identify all corporations, businesses or professional entities You own or in which You are a partner, member, shareholder, or principal therein.

**RESPONSE:**

5. All documents concerning Your position, role, or affiliation with any for-profit or non-profit partnerships, corporations, companies, associations, agencies, organizations, trade groups, or other business entities in The Gambia.

**RESPONSE:**

6. All documents sufficient to identify Your position, role, or affiliation with any government department or agency in The Gambia.

**RESPONSE:**

7. All documents sufficient to identify all of Your business holdings from January 1, 2007 to the present, including those in The Gambia and in Lebanon.

**RESPONSE:**

8. All documents concerning Your relationship with Caesar's Park Hotel in Beirut, Lebanon.

**RESPONSE:**

9. All documents concerning Your relationship with Comuim.

**RESPONSE:**

10. All documents concerning Your relationship with Ellissa Holding.

**RESPONSE:**

11. All documents concerning Your relationship with GamPetroleum.

**RESPONSE:**

12. All documents concerning Your relationship with Hassan Ayash Exchange Company.

**RESPONSE:**

13. All documents concerning Your relationship or involvement with LCB.

**RESPONSE:**

14. All documents concerning any wire transfers made by You or at Your request to or from any account at LCB.

**RESPONSE:**

15. All documents concerning Your relationship or involvement with New Line Exchange Trust Co.

**RESPONSE:**

16. All documents concerning Your relationship or involvement with Prime Bank.

**RESPONSE:**

17. All documents concerning any wire transfers made by You or at Your request to or from any account at Prime Bank.

**RESPONSE:**

18. All documents and communications referring or relating to Your reputation before the defamatory communications alleged in the Complaint.

**RESPONSE:**

19. All documents and communications referring or relating to Your reputation after the defamatory communications alleged in the Complaint.

**RESPONSE:**

20. All documents and communications supporting Your contention that each defamatory communication alleged in the Complaint is untrue.

**RESPONSE:**

21. All documents and communications referring or relating to any financial loss, injury or damage that You allege that You have suffered as a result of any of the defamatory communications alleged in the Complaint.

**RESPONSE:**

22. All documents and communications referring or relating to any calculation of any financial loss, injury or damage that You allege that You have suffered as a result of any of the defamatory communications alleged in the Complaint.

**RESPONSE:**

23. All documents and communications referring or relating to any requests made by You to the Defendants or any other entity concerning Your request that Defendants retract any of the defamatory statements alleged in the Complaint.

**RESPONSE:**

24. All documents and communications referring or relating to any investigation conducted by the National Intelligence Agency (NIA) in The Gambia in which You have been detained, questioned, investigated, or contacted.

**RESPONSE:**

25. All documents and communications referring or relating to any investigation conducted by the National Drug Enforcement Agency (NDEA) in The Gambia in which You have been detained, questioned, investigated, or contacted.

**RESPONSE:**

26. All documents and communications referring or relating to any investigation of You by any governmental agency or organization, including any investigation relating to money laundering, organized criminal activities, corruption, or support for Hezbollah or any terrorist organization.

**RESPONSE:**

27. All documents concerning any loan from the Social Security and Housing Finance Corporation to GamPetroleum.

**RESPONSE:**

28. All documents that support Your allegation in paragraph 13 of the Complaint that You have been "unable to obtain credit necessary to fund [Your] business ventures since the Article was published," including but not limited to, documents that identify those business ventures and the names of the persons and financial institutions from which Your sought and were denied financing.

**RESPONSE:**

15

Case 5:11-cv-00353-H   Document 31-1   Filed 06/06/13   Page 15 of 18

29. All documents that support the allegation in paragraph 14 of the Complaint that You were "unable to commit to an extremely large government contract in the Ivory Coast."

**RESPONSE:**

30. All documents that evidence Your relationship with General Electric.

**RESPONSE:**

31. All documents that support the allegation in paragraph 14 of the Complaint that General Electric backed out of a joint venture with You.

**RESPONSE:**

32. All documents that You produced to General Electric as part of the "due diligence process" You refer to in paragraph 14 of the Complaint.

**RESPONSE:**

33. All documents that support the allegation in paragraph 24 of the Complaint that third parties "refrain[ed] from entering into contracts with [You]" as a result of statements in the article at issue in this litigation.

**RESPONSE:**

34. All documents that You submitted to the Summary Procedures Judge (SPJ) referenced in paragraph 29 of the Complaint, or to any agent of the SPJ, concerning Defendants.

**RESPONSE:**

35. All communications between You and Ayman Saied Joumaa.

**RESPONSE:**

36. All communications between You and Akram Saied Joumaa.

**RESPONSE:**

37. All communications between You and Anwar Saied Joumaa.

**RESPONSE:**

38. All communications between You and Ziad Mohamad Youssef.

**RESPONSE:**

39. All documents and communications that were not addressed by the above requests, but that support or otherwise relate to any of the allegations in this action.

**RESPONSE:**

Dated this 25th day of March 2013.

HUNTON & WILLIAMS LLP

_____
Douglas W. Kenyon (dkenyon@hunton.com)
N.C. State Bar No. 13242
R. Dennis Fairbanks (dfairbanks@hunton.com)
N.C. State Bar No.: 33572
HUNTON & WILLIAMS LLP
Post Office Box 109
Raleigh, North Carolina 27602
Telephone: 919.899.3000
Facsimile: 919.833.6352

*Counsel for Defendants Pa Nderry M'Bai and Freedom Newspaper, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **DEFENDANT PA NDERRY M'BAI's FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MUHAMMED BAZZI** has been served today via electronic mail sent to the person at the address below:

Edward H. Maginnis
Maginnis Law, PLLC
19 West Hargett Street, Suite 906
Raleigh, NC 27601
Telephone: 919.526.0450
Facsimile: 919.882.8763.
emaginnis@maginnislaw.com)

This the 25th day of March 2013.

_/s/_
HUNTON & WILLIAMS LLP
421 Fayetteville Street, Suite 1400
Raleigh, N.C. 27601
Counsel for Defendants Pa Nderry M'Bai and
Freedom Newspapers, Inc.