IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-353-H

| | | |
|---|---|---|
| MUHAMMED BAZZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | O R D E R |
| | ) | |
| PA NDERRY M'BAI, FREEDOM | ) | |
| NEWSPAPER, INC., and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion [DE-31] by Defendant Pa Nderry M'Bai ("Defendant") to compel responses to written discovery requests from Plaintiff Muhammad Bazzi ("Plaintiff"). Plaintiff did not respond to the motion and the time for filing responsive briefs has expired. The court held a hearing on the motion on July 18, 2013. For the reasons set forth below, Defendant's motion to compel [DE-31] is ALLOWED.

## BACKGROUND

On June 29, 2011, Plaintiff filed his complaint in this action. This diversity action arises from a news article ("the article") written by Defendant M'Bai and published on February 26, 2011 in Freedom Newspaper ("Freedom"), an online newspaper based in Raleigh, North Carolina. Freedom targets readers in the Republic of The Gambia, a country in Africa where Plaintiff does business. The article was circulated by the Associated Press.

Citing a single source, the article names Plaintiff as the leader and operator of the "mafia" in The Gambia. The Article alleges that Plaintiff is involved in weapons trafficking, money laundering, "robbing" the Gambian people, and creating monopolies in the petroleum and

telecommunications industries. The Article also states that Plaintiff is affiliated with Hezbollah. Plaintiff alleges that the statements in the Article are false and have caused him harm, including business dealings. Plaintiff has asserted causes of action for defamation and tortious interference with prospective economic advantage. Plaintiff seeks punitive damages and injunctive relief, among other relief.

Defendant M'Bai served written discovery requests to Plaintiff on March 25, 2013, responses to which were due to be served by April 24, 2013. [DE-31, -31-1]. Prior to the deadline on which to serve his responses, Plaintiff moved for additional time to respond over Defendant's objections, and the court allowed Plaintiff until May 24, 2013 to serve his responses to the discovery requests. [DE-25, -26, -27]. On May 30, 2013, Defendant's counsel wrote Plaintiff's counsel asking that Plaintiff provide discovery responses by May 31, 2013. [DE-31-2]. According to the motion, Plaintiff's counsel failed to respond to that request, and Plaintiff has failed to provide any responses or objections to Defendant's written discovery, thereby necessitating court intervention. [DE-31].

Defendant has moved the court to enter an order compelling Plaintiff to provide complete responses to Defendant's written discovery requests. Additionally, Defendant asks the court to preclude Plaintiff from interposing objection to Defendant's discovery requests and to award Defendant his reasonable attorney's fees associated with the motion to compel. Plaintiff did not file a response to Defendant's motion to compel.

Thereafter, the parties were directed to appear before the court on July 18, 2013 at 1 p.m. for hearing on Defendant's motion to compel. [DE-34]. Neither Plaintiff nor Plaintiff's counsel appeared at the hearing, which the court conducted in Plaintiff's absence. Subsequently,

Plaintiff's counsel contacted both the court and Defendants' counsel indicating that he had been mistaken about the time the hearing was to commence and that he had in fact arrived for the hearing after court had been adjourned.

## DISCUSSION

### A. Applicable Legal Standards

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98–CV–62–BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that

3

reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

## B. Defendant's Motion

In his motion, Defendant contends that Plaintiff has failed to respond to any of his interrogatory or document requests. Defendant seeks an order compelling production of the information and documents. Having failed to respond to Defendant's motion, Plaintiff does not dispute Defendant's contentions. The court therefore finds that Plaintiff has failed to comply with his discovery obligations as Defendant contends. *See Loftin v. Nationwide Mut. Ins. Co.,* No. 7:09-CV-118-F, 2010 WL 4117404, at *2 (E.D.N.C. Oct. 18, 2010).

The court has reviewed Defendant's discovery requests and finds them to be within the permissible scope of discovery. The court therefore ALLOWS Defendant's motion compelling Plaintiff to respond to Defendant's discovery requests. **Subject to valid claims of privilege, as discussed below, Plaintiff shall serve on Defendant M'Bai by August 2, 2013, complete responses Defendant M'Bai's interrogatory and requests for production of documents.**

Because Plaintiff did not respond to Defendant's discovery requests in a timely manner, any objections he may have to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin,* 2010 WL 4117404, at *3. Despite Plaintiff's lack of objection, the court

4

will permit Plaintiff to claim privilege (including work product protection) in his responses to the interrogatories and document production requests. **However, in order to validly claim a privilege, Plaintiff must expressly assert it in response to the particular discovery request involved and serve with his discovery responses a privilege log in conformance with Rule 26(b)(5)(A) that is duly signed by Plaintiff's counsel pursuant to Rule 26(g). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.**

C.  Expenses

Defendant asks that the court require Plaintiff to pay the reasonable expenses, including attorney's fees, incurred in filing his motion to compel. [DE-31]. Rule 37(a)(5)(A) provides that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond

5

to defendant's letters or to motion for sanctions); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D.W.Va. 2003) (holding party who prevailed on motion to compel discovery responses entitled to reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses). Similarly, Local Civil Rule 7.1(c), requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c); *see Jones v. Broadwell,* No. 5:10–CT–3223–FL, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe,* 5:10–CT–3023–BO, 2010 WL 5125339, at *2 (E.D.N.C. Dec. 7, 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

In this case, Defendant's counsel wrote to Plaintiff's counsel warning that, absent complete responses, Defendant would file a motion to compel by a specified deadline. [DE-31-2]. Plaintiff's counsel failed to respond to that letter. After the motion to compel was filed, Plaintiff's counsel failed to file a response to it. Accordingly, the court finds that Defendant made a good faith effort to resolve the discovery dispute before filing his motion to compel and that Plaintiff has failed to comply with his obligations under the Federal Rules.

Defendant's request for attorney's fees and other expenses is therefore ALLOWED. Defendant shall be awarded the reasonable attorney's fees and other expenses it incurred in bringing his motion to compel. Defendant shall file by August 2, 2013, an affidavit setting out such fees and other expenses and a supportive memorandum of law. Plaintiff may file a response to Defendant's filing by August 9, 2013. If Plaintiff does not file a response by that date, the

court will deem him to have no objection to the fees and other expenses claimed by Defendant. The court will thereafter enter an order setting the amount due and the deadline for payment.

## CONCLUSION

For the reasons and on the terms set forth above, Defendant's motion to compel [DE-31] is ALLOWED. **Failure by Plaintiff to fully comply with this order by the deadlines specified herein shall subject him to the imposition of sanctions, which may include dismissal of all of his claims with prejudice.** *See* **Fed. R. Civ. P. 37(b)(2).**

So ordered, the 22nd day of July, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge